## LÓPEZ ET AL. *v.* SÁNCHEZ ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 818.—Resuelto en junio 18, 1912.

CÓNYUGE VIUDO—HERENCIA EN LA SUCESIÓN TESTADA E INTESTADA.—Según ha resuelto repetidamente este tribunal, las disposiciones del artículo 821 del Código Civil Revisado de Puerto Rico, regulan los derechos hereditarios del cónyuge sobreviviente, lo mismo en la sucesión testada que la intestada.

ID.—EMBARGO DE LA PARTICIPACIÓN DEL CÓNYUGE VIUDO.—De acuerdo con la doctrina sentada en el párrafo anterior, es indudable que el embargo prac-

ticado sobre la participación que tenga el cónyuge sobreviviente en una sucesión intestada es perfectamente válido, lo mismo que si se hubiera hecho el embargo tratándose de una sucesión testada.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Eugenio Benítez Castaño.*

Abogados de los apelados: *Sres. Foster V. Brown, Attorney General, y José R. F. Savage.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Los hechos esenciales de este caso son pocos y sencillos. La apelante Luisa López Laborde estuvo casada con el Dr. Vázquez Prada quien falleció el 9 de junio de 1904. Al morir él, ambos esposos poseían como bienes gananciales, la casa No. 52 de la calle del Sol, en la ciudad de San Juan. El Dr. Vázquez falleció dejando a su viuda, la apelante, y siete hijos nacidos durante su matrimonio con ella.

Habiéndose dictado sentencia por la Corte Federal contra la apelante Sra. López Laborde, su participación en la casa ya mencionada fué embargada por el márshal y vendida en virtud de un mandamiento de ejecución, habiendo sido adquirida por Don Luis Sánchez Morales. Después de dictada sentencia y antes de que se llevara a cabo la venta en virtud del mandamiento de ejecución, la madre renunció y transfirió a sus hijos su participación en dicha casa que como viuda había recibido de la sucesión de su difunto esposo. Esta enajenación es impugnada por el apelado por haber sido hecha a título gratuito, y porque al hacerla la apelante no había conservado bienes suficientes para satisfacer dicha sentencia y porque dicha enajenación fué hecha con el propósito y la intención de defraudar a su acreedor por sentencia. El condominio de la mitad de dicha casa perteneciente a la viuda por su parte de los bienes gananciales no es objeto de litigio, pues no se ha negado que dicho condominio fué enajenado en virtud de la venta en ejecución de sentencia; pero la tercera parte de la otra mitad o sea una sexta parte de la totalidad de la casa, que la viuda, según se dice recibió de la sucesión

de su difunto esposo como parte de su herencia, es la que está en litigio.

No debemos olvidar que el Dr. Vázquez murió intestado y que sus siete hijos fueron declarados sus únicos y universales herederos, sin perjuicio de los derechos de su madre en la herencia.   Al tiempo de su fallecimiento estaba vigente el artículo 821 del Código Civil Revisado de Puerto Rico, el cual ha sido posteriormente modificado y cambiado por la ley de marzo 9 de 1905 que expresamente derogó dicho artículo tal como estaba redactado en el Código Civil y puso de nuevo en vigor las disposiciones del antiguo Código Civil Español relativas a esta materia.

La apelante, no hace hincapié en la venta hecha por la viuda a sus hijos, y tácitamente se ha admitido que es nula de acuerdo con la ley, por haber sido hecha sin causa por un deudor en virtud de una sentencia, que no había conservado bienes suficientes para satisfacer la sentencia.   Por lo tanto la única cuestión planteada en esta apelación es la interpretación que debe darse al artículo 821 del Código Civil Revisado de Puerto Rico, el cual estaba en toda su fuerza y vigor al ocurrir el fallecimiento del Dr. Vázquez.   Dicho artículo dice lo siguiente:

"Artículo 821.—El viudo o viuda tendrá derecho, si el difunto dejare un hijo legítimo o ilegítimo reconocido, o descendientes de éstos, a la mitad de la propiedad personal y real en que consistiere la herencia.

"Si el cónyuge difunto hubiere dejado más de un hijo viviendo o representado por sus descendientes, si alguno de ellos hubiere muerto, el cónyuge viviente tendrá derecho sólo a una tercera parte de la propiedad personal y real de los bienes en que consistiere la herencia.

"Cuando no hubiere descendientes, pero sí ascendientes, el cónyuge sobreviviente tendrá derecho a la mitad de la propiedad personal y real de los bienes de la herencia.

"No quedando descendientes ni ascendientes, el cónyuge sobreviviente tendrá derecho a las dos terceras partes de la propiedad personal y real de los bienes de la herencia."

El demandado Hubbard, bajo cuya autoridad como Már-

shal de los Estados Unidos se llevó a cabo la venta en pú-
blica subasta de dicha casa, alegó que no tenía interés alguno
en dicha propiedad y quedó fuera de este litigio, no siendo en
realidad parte en esta apelación.

La cuestión planteada por las partes apelante y apelada
es sucintamente expuesta, la siguiente: Los apelantes sos-
tienen que la viuda no tenía título ni derecho alguno a la
tercera parte de la casa y solar que pertenecían al esposo,
al ocurrir su fallecimiento, como bienes gananciales, y que
sus hijos, al morir él, heredaron dicha mitad por completo.
El apelado sostiene que habiendo fallecido intestado el esposo
en el año 1904, cuando el artículo 821 del Código Civil Revi-
sado estaba vigente, la viuda tenía derecho a una tercera
parte de la mitad y a los hijos sólo les correspondía el rema-
nente de dos terceras partes de dicha mitad. Tenemos por
tanto que la interpretación del artículo 821 es la que ha de
resolver este caso. Los apelantes se apoyan en las dos deci-
siones de este tribunal, una en el caso *Ex parte* Smith, 14
D. P. R., 664, y *Julbe* v. *Guzmán,* 16 D. P. R., 530. En
este último caso dos de los jueces de este tribunal disintieron
y formularon su opinión disidente que está publicada en dicho
tomo a continuación de la opinión de la mayoría. De la
opinión disidente puede verse que la única diferencia exis-
tente entre los jueces de este tribunal era acerca de la inter-
pretación de la ley de 1905 como derogatoria del artículo 821
del Código original civil revisado de Puerto Rico. En el
caso de *Ex parte Smith,* no hubo voto disidente, pues la inter-
pretación que se le dió a dicho artículo del Código Civil fué
unánime. En aquel caso se resolvió que el ya citado artículo
se aplicaba tanto a las sucesiones testadas e intestadas, y esta
interpretación se deduce con claridad de la opinión de la
corte en el caso de *Julbe* v. *Guzmán.*

En este caso la corte se expresó en la siguiente forma:

"En 1902, la Asamblea Legislativa de Puerto Rico decretó una ley
titulada Código Civil y desde entonces quedó derogado el Código Civil

español.   Las disposiciones del nuevo Código Civil con respecto a los derechos del viudo son nuevas algunas y precisas y claras todas.   Aunque el artículo 821 está colocado en aquella parte del Código que se refiere a la herencia testada, regula los derechos del cónyuge viudo en la herencia intestada.   Esto puede verse claramente de un estudio de dicho artículo en relación con los artículos 822 y 920.   Pero la Asamblea Legislativa de Puerto Rico, por ley de 9 de marzo de 1905, derogó el citado artículo 821 y restableció las disposiciones del Código Civil español que trataban de la sucesión testada.''

De modo que es claro que este tribunal siempre ha opinado por unanimidad que el artículo 821 del Código Civil tal como originalmente fué adoptado en 1902, y estaba en vigor en 1904 al ocurrir el fallecimiento del Dr. Vázquez, era de aplicación tanto a la sucesión testada como intestada, y que por tanto la viuda, o sea la apelante en este caso, de acuerdo con dicho artículo tenía derecho a una tercera parte de los bienes muebles e inmuebles que constituían la herencia.   Habiendo pues ya adquirido esta participación en dicha propiedad, quedó sujeta al embargo y a la venta que se hizo por el Márshal de los Estados Unidos en virtud de mandamiento de ejecución librado por la Corte de los Estados Unidos, y el apelado Luis Sánchez Morales adquirió con título suficiente.

Por las razones arriba indicadas, la sentencia de la Corte de Distrito de San Juan, registrada en noviembre 9 de 1911, y contra la cual se ha interpuesto el presente recurso de apelación debe ser confirmada en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Toro y Aldrey.